**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| WILMER CERBILLON-GALVEZ, | No. 08-73959 |
| Petitioner, | Agency No. A095-722-660 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2014**

Before:    WALLACE, LEAVY, and BYBEE, Circuit Judges.

Wilmer Cerbillon-Galvez, a native and citizen of Honduras, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We grant the petition for review and remand.

The agency found Cerbillon-Galvez failed to establish past persecution or a fear of future persecution on account of a protected ground, and relied on this nexus finding in denying his asylum and withholding of removal claims. When the IJ and BIA issued their decisions in this case they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Cerbillon-Galvez's asylum and withholding of removal claims to determine the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

In denying CAT relief, the IJ found Cerbillon-Galvez to be at no greater risk than any other individual in Honduras. This finding is not supported by substantial evidence because Cerbillon-Galvez testified police beat him on two occasions and threatened they would kill him the next time they saw him. *See He v. Ashcroft*,

328 F.3d 593, 600 (9th Cir. 2003) (rejecting agency's finding where it is not supported by the record). Apart from this finding, it is unclear why the BIA denied Cerbillon-Galvez's CAT claim. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) (BIA must provide a reasoned explanation for its actions). Thus, we remand Cerbillon-Galvez's CAT claim for further proceedings consistent with this disposition. *See Ventura*, 537 U.S. at 16-18.

**PETITION FOR REVIEW GRANTED; REMANDED.**